UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:20-CV-4-M

UNITED STATES OF AMERICA,                )
                    Plaintiff,           )
                                         )
        v.                               )          ORDER
                                         )
CONWAY SEVERN RESCUE                      )
SQUAD, INC.,                             )
                    Defendant.           )

This matter is before the Court on the United States of America's ("Plaintiff") Motion for

Default Judgment [DE-8 ("Motion")].

I.      Factual Background

Plaintiff alleges that Defendant Conway Severn Rescue Squad, Inc. ("Defendant"), an

entity located in Northampton County in the Eastern District of North Carolina, obtained two

loans from the United States Department of Agriculture ("USDA") and defaulted on its

obligations.   [DE-1 ("Complaint") ¶¶ 4, 6, 13-14.]   The parties executed the first loan in 2006

in the amount of $32,000, with an interest rate of 4.25 percent per annum; the second was

executed in 2012 for $551,000, with an interest rate of 3.50 percent per annum.   [Complaint ¶¶

4, 6.]   Each promissory note contained an acceleration clause in the event of non-payment or

other default.   [Complaint ¶¶ 4,6.]   On the same date that the parties executed the second

promissory note, Defendant also filed a real estate deed of trust for the benefit of the USDA over

2.02 acres located in Conway, North Carolina.   [Complaint ¶ 7.]   Soon after, on November 6,

2012, the USDA also filed a UCC Financing Statement against certain assets of the Defendant.

[Complaint ¶ 8.]

In September 2015, Defendant informed the USDA that it was having financial difficulties, and the parties developed a series of workout plans to address the outstanding debt. [Complaint ¶¶ 9-10.] Three years later, on October 30, 2018, the USDA sent a letter informing Defendant that it was not in compliance with the workout plan and demanded it bring itself into compliance or voluntarily liquidate the loan securities and turn the proceeds over to the USDA by March 1, 2019. [Complaint ¶ 11.] On June 10, 2019, the USDA sent Defendant a "Notice of Acceleration," notifying Defendant that it had defaulted and that, under the terms of the promissory notes, the entire debt had been accelerated. [Complaint ¶ 12.]

II.     Procedural History

Upon failure to make payment, the United States brought suit against Defendant to recover the principal and interest owed and to enter foreclosure, directing the judicial sale of the real property secured by the deed of trust. [Complaint ¶¶ 13-14.] The Complaint was filed on January 27, 2020 [DE-1]; the summons was executed and returned on February 12, 2020 [DE-5]; motion for entry of default was filed on March 5, 2020 [DE-6]; the Clerk entered default on April 1, 2020 [DE-7]; and Plaintiff moved to enter default judgment on April 2, 2020, filing an affidavit therewith [DE-8]. The time for Defendant to respond has lapsed, and the Motion is now before the Court.

III.    Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fecl. R. Civ. P. 55(a). If, after the entry of default, plaintiff's complaint does not specify a "sum certain" or "a sum that can be made certain by computation,"

2

only the court may enter a default judgment against the defendant. *See* Fed. R. Civ. P. 55(b)(1), (2); *see also United States v. A Perfect Fit for You, Inc.*, No. 4:17-CV-174-D, 2019 WL 6049940, at *3 (E.D.N.C. Nov. 14, 2019).

Upon entry of default, the defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). However, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Id.* (citation omitted). Rather, the court must determine whether the unchallenged facts support the relief sought. *Id.*; *see also H&E Equip. Servs., Inc. v. Oak City Contracting, LLC.*, No. 5:19-CV-361-FL, 2020 WL 1490710, at *2 (E.D.N.C. Mar. 25, 2020). While the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided," *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

"If the court determines that liability is established, it then must determine the appropriate amount of damages." *H&E Equip. Servs., Inc.*, 2020 WL 1490710, at *2 (citation omitted). "Unlike allegations of fact, allegations of damages are not deemed admitted upon default." *Id.* (citations omitted). In order to make an independent determination regarding damages, the court may hold an evidentiary hearing, but such a hearing is not required if the damages are ascertainable from the pleadings. *See Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998).

3

IV.    Analysis

The Court finds that the facts alleged in the Complaint, along with its accompanying exhibits, and the affidavit establish a basis for the relief sought and an award of damages.    *See A Perfect Fit for You, Inc.*, 2019 WL 6049940, at \*3.    Plaintiff has adequately alleged the existence of two promissory notes with acceleration clauses and that Defendant failed to meet its obligations and fell into default.    Plaintiff has also filed proof of proper service [DE-5] and Defendant has failed to file a single response or notice of appearance.

Regarding damages, Plaintiff has alleged the amounts of the loans and the amount of unpaid principal and interest.    Plaintiff has also attached the applicable signed promissory notes [DE-1-4 (Exhibit A), 6 (Exhibit C)], its notices of nonpayment [DE-1-9 (Exhibit F)] and default and acceleration [DE-1-10 (Exhibit G)], which it sent to Defendant, and a Certificate of Indebtedness from the Director of Community Programs at the North Carolina State Office of USDA Rural Development [DE-1-11 (Exhibit H)], certifying the amount that remained outstanding on the loans as of October 16, 2019.    *Cf. United States v. Elliott*, No. CV 17-02832-TDC, 2018 WL 6251003, at \*3 (D. Md. Nov. 29, 2018) ("In sum, Plaintiff's supporting documentation establishes an outstanding balance of $43,333.43.    Plaintiff's evidence before the Court has not been contradicted"), *report and recommendation adopted*, 2018 WL 7199628 (D. Md. Dec. 18, 2018).

In addition to the amount outstanding under the loan agreements and prejudgment interest, Plaintiff asks the Court to impose, at a rate the Court specifies, post-judgment interest until the debt is paid in full.    [DE-8-2 (proposed order) ("Interest thereon after date of entry of this judgment shall be at the rate of _____ %.").]    Post-judgment interest is governed by 28

4

U.S.C. § 1961, which states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and that "[s]uch interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961 (footnote omitted); *see also Elliott*, 2018 WL 6251003, at *4 (applying post-judgment interest to student loan default).

Finally, Plaintiff asks the Court to enter an order permitting the United States Marshal to seize and sell the property that is the subject of the deed of trust. [DE-8-1.] However, the deed of trust specifically states that, upon default, the United States may "authorize and request Trustee to foreclose this instrument and sell the property" and the "Trustee may foreclose this instrument and sell the property either for cash or secured credit." [DE-1-7 (Exhibit D) ¶¶ 18-19.]; *see United States v. Burdick*, No. 4:06-CV-48-F, 2007 WL 4165170, at *4 (E.D.N.C. Nov. 19, 2007) (granting summary judgment and awarding money damages, but directing the government to "advise the court whether and why this court should order the United States Marshal[s] Service to seize and to sell the property, or whether the disposition of property should be accomplished . . . by the trustees named in the Deed of Trust."). Before the Court will grant the relief Plaintiff requests, Plaintiff must instruct the Court why it should not instead be bound by the terms of the deed of trust.

V.    Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment [DE-8] is GRANTED IN PART. The Clerk SHALL enter default judgment against Defendant Conway Severn Rescue Squad, Inc., in accordance with the terms set forth below.

5

Plaintiff shall have and recover from Defendant the principal amount of $5,411.55 and interest of $12.61 for a total of $5,424.16 plus all accrued interest since October 16, 2019, until date of entry of judgment at the rate of 4.25% per annum; ADDITIONALLY, Plaintiff shall have and recover from Defendant the principal amount of $529,215.58 and interest of $67,156.01 for a total of $596,371.59 plus all accrued interest since October 16, 2019, until date of entry of judgment at the rate of 3.50% per annum, for a total judgment of $601,795.75, plus accrued interest and costs allowed under 28 U.S.C. § 2412(a)(2). Interest thereon after date of entry of this judgment shall be at the legal rate, in accordance with 28 U.S.C. § 1961.

It is further ordered that Plaintiff's deed of trust and promissory notes be foreclosed and that all right, title, and interest of Conway Severn Rescue Squad, Inc., or any persons holding by, through, or under them, including any equity or redemption or rights of power, and rights of any junior lienholders, be forever barred in and to the aforesaid real and personal property. Foreclosure should occur in accordance with the terms of the deed of trust [DE-1-7 (Exhibit D)]. If Plaintiff seeks the further relief described in its Motion, Plaintiff is DIRECTED to advise the court whether and why this Court should order the United States Marshals Service to seize and sell the property, rather than order foreclosure pursuant to the terms of the deed of trust.

SO ORDERED. This the 11th day of May, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE

6